**J. D. JOHNSON, Elmer Jones and Bascom Reasor, Members of the City Utilities Commission, City of Corbin, Corbin, Kentucky, Appellants,**

v.

**Ralph REASOR and his wife, Viola Reasor, Appellees.**

Court of Appeals of Kentucky.

June 18, 1965.

H. M. Sutton, Sutton & Martin, Corbin, for appellants.

R. Lee Brown, J. B. Johnson, J. B. Johnson, Jr., Williamsburg, for appellees.

STEWART, Judge.

Ralph Reasor and his wife, Viola Reasor, sought in the Whitley Circuit Court an order to compel the city utilities commission of Corbin to furnish water and electric service for three houses owned by them. The houses are situated in a 65-acre subdivision located within the city limits of Corbin, a third-class city. The trial court directed that utility service be installed up to the property line of each house. This appeal is from the ruling of the trial court.

When the Reasors made application in May or June, 1964, for the service, the city utilities commission declined to grant their request unless the entire cost of constructing these extensions was paid by them. This was estimated at $3617.70. In a letter to Ralph Reasor, it gave as a reason for its refusal to install the lines at its expense a subdivision regulation, adopted October 18, 1959, by the city planning commission, which read as follows:

> "Where public water supply, in the opinion of the planning commission, is reasonably accessible, the subdivider shall construct a complete water distribution system, including a connection for each lot and appropriately spaced fire hydrants * * *."

It is readily apparent this rule applies solely to the laying of *water lines* within a subdivision. It will also be noted that the right to rely upon it is posited, not in the city utilities commission, but in the planning commission of the city, an agency whose duties relate exclusively to zoning matters. So far as we can ascertain the city has never approved this regulation by ordinance. Furthermore, there is nothing in the record which denotes in any wise how the city utilities commission shall be governed in respect to furnishing electric facilities within such an area.

At a hearing before the trial court the proof established that the Reasors constructed a residence in the subdivision at sometime after 1962, and that the city utilities commission at its cost made water and electric service available to this house. It furnished the same free service to four other persons in the subdivision, these persons having purchased their lots from the Reasors and then had the houses built for themselves. Separate water lines were run in

this subdivision to five other houses built by individual lot owners at no expense to them for the service.

There is evidence in this case that in one instance the city utilities commission extended cost free its water mains more than a thousand feet in order to provide water for one user. It was testified that another time, as late as 1962, a water line was constructed beyond the city limits to the farm of the then chairman of the city utilities commission, now the mayor of Corbin. This was also done at no outlay by the farm owner. The Reasors' three new houses which the city utilities commission refused to provide with water and lights are located approximately five hundred feet from accessible city water; in fact they are on lots adjacent to the Reasor residence.

D. A. Marcum, who has been superintendent of the water system of Corbin for fourteen years, testified that if the Reasor lots with the new houses on them were owned by three separate individuals rather than by a subdivider, light and water installations would be supplied and the city utilities commission would defray the cost.

■ It has quite generally been held or recognized that a municipality exercises a discretionary function in deciding whether or not to extend its utility system to an entirely new section within its territorial limits, and it cannot be compelled to do so at the instance of a prospective consumer, at least if its basis for refusing is in any way reasonable and does not, therefore, involve any abuse of discretion or arbitrary or fraudulent action. However, there exists of course a basic underlying obligation of a city owning a general domestic utility system to supply impartially all applicants who are in substantially like position to those being served. See Annotation, 48 A. L.R.2d 1225.

In the light of the facts presented it will be observed the city utilities commission has not adhered to any fixed standards in making available water and electricity to users within the subdivision of the Reasors. It would seem, too, that neither the city nor the city utilities commission has ever legally adopted the regulation the latter purports to be guided by.

■ We believe the city utilities commission cannot follow, as it has done in the case at bar, a plan of making water and light service available cost free to individuals in a subdivision on the basis that they have constructed their own residences in this area and, in the next breath, pursue a scheme of charging all the expense for such utilities to a subdivider who has built a house or houses therein for sale. It is clear that, under such a system, persons who are similarly situated in the subdivision are not being treated alike.

The trial court correctly held the attempt to force the Reasors to pay all construction cost in order to obtain lights and water for their three houses subjected them to discrimination.

Wherefore, the judgment is affirmed.